IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Robert E. Myers, et al.,

        Plaintiffs,

v.

Coshocton Village Inn & Suites, et al.,

        Defendants.

Case No. 2:17-cv-962

Judge Graham

Opinion and Order

Plaintiff Robert Myers brings this case as a re-filing of a negligence action against defendants Coshocton Village Inn & Suites, Coshocton Village Inn, Ltd., and C.P. Management Company, Inc. Myers alleges that he suffered head and neck injuries from a slip-and-fall accident which occurred at the hot tub in his room while he was a guest at the Coshocton Village Inn & Suites on July 28, 2012.

Myers voluntarily dismissed his first suit in 2016. See Case. No. 2:14-cv-981. The dismissal came after the court issued an opinion and order granting in part and denying in part defendants' motion for summary judgment. The court granted summary judgment on plaintiff's claim that defendants were negligent because they failed to fix a leaky handle on the hot tub faucet. The court denied summary judgment on plaintiff's claim that the arrangement of the particular room in which Myers stayed – with the hot tub placed in the mid-section of the room and surrounded by dark carpet – was a condition for which it was foreseeable that water could be present on the carpet but not visible to a guest walking between the bed and bathroom in low-light situations.

Myers refiled his action and proceeds on the claim that defendants are liable for his injuries because they maintained a hazardous arrangement in his room. Myers has also added allegations that his injuries from the slip-and-fall were aggravated when a doctor, who was performing an independent medical examination for defendants, negligently pulled his right arm.

This matter is before the court on defendants' renewed motion for summary judgment. Under Federal Rule of Civil Procedure 56, summary judgment is proper if the evidentiary materials in the record show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Longaberger Co. v. Kolt, 586 F.3d 459, 465 (6th Cir. 2009). The moving party bears the burden of proving the absence of genuine issues of

material fact and its entitlement to judgment as a matter of law, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case on which it would bear the burden of proof at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Walton v. Ford Motor Co., 424 F.3d 481, 485 (6th Cir. 2005).

In their motion for summary judgment, defendants' sole argument is that the room arrangement or design was not hazardous. In support, they submit the report of their expert who opines that the layout of the room did not create any hazards and complied with state building code. Defendants contend that Myers will not be able to prove that any additional safety measures would have prevented his accident.

The court must reject defendants' motion. The court has already held that plaintiff produced sufficient evidence to create a genuine dispute of material fact on the issue of whether the room arrangement was hazardous and presented a foreseeable risk of a slip-and-fall incident. In particular, the court noted that plaintiff had submitted fact testimony, photographs and an expert report concerning the layout, materials and conditions in the room. Ohio case law generally leaves the issue of foreseeability of harm to the jury to decide. See e.g., Crane v. Lakewood Hosp., 103 Ohio App.3d 129, 136, 658 N.E.2d 1088, 1093 (Ohio Ct. App. 1995). And the court held that a jury could reasonably determine that the specific arrangement and use of Myers's room created a foreseeable risk of a slip-and-fall incident.

Defendants' current motion essentially asks the court to revisit its prior conclusion and weigh evidence that defendants did not submit when they filed their original motion for summary judgment in the prior suit. However, under the law of the case doctrine, once issues are decided in a case, the court's decision should stand absent "substantially different evidence raised on subsequent trial; a subsequent contrary view of the law by the controlling authority; or a clearly erroneous decision which would work a manifest injustice." In re United States Steel Corp., 479 F.2d 489, 494 (6th Cir. 1973).

Defendants have not demonstrated that any of these exceptions apply. The evidence they now raise simply underscores that a genuine dispute of material fact exists. The court cannot weigh the evidence or make credibility determinations at the summary judgment stage. See Daugherty v. Sajar Plastics, Inc., 544 F.3d 696, 702 (6th Cir. 2008). Nor have defendants established a clear error of law. It is well-established that compliance with building codes does not automatically shield a party from liability. See Goldstein v. Moisse, 61 Ohio App.3d 122, 126, 572 N.E.2d 195, 197 (Ohio Ct. App. 1989) ("A party which complies with a statute or regulation may still be found negligent where

a reasonable person would take additional precautions.") (citing case law and Restatement (Second) of Torts § 288C (1965)).

The court notes that in their reply briefs, defendants for the first time argue that the are not responsible for the room in which Myers stayed. They contend that their mere ownership and management of the hotel does not make them liable for the conditions in the room. It is true that with respect the alleged leaky faucet handle, the court held that defendants were not liable because plaintiff did not produce evidence that defendants had actual or constructive notice of the leak, which allegedly arose between the time the prior guest checked-out and Myers checked-in, but was not observed by the housekeeper. See Johnson v. Wagner Provision Co., 141 Ohio St. 584, 589, 49 N.E.2d 925, 928 (Ohio 1943). But room design is different. It strains credulity to argue that the entities which own, operate and maintain the hotel lacked notice of the room's design.

For the reasons stated above, defendants' motion for summary judgment (docs. 21 and 24) is denied. The parties' motions for leave to file sur-replies (doc. 37 and 45) are denied.

        s/ James L. Graham
        JAMES L. GRAHAM
        United States District Judge

DATE: January 17, 2019